GLORIA HULL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BILLY HULL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hull v. Commissioner
Docket Nos. 2691-78, 2692-78
United States Tax Court
T.C. Memo 1982-577; 1982 Tax Ct. Memo LEXIS 170; 44 T.C.M. (CCH) 1310; T.C.M. (RIA) 82577; September 30, 1982. Allice J. Davis and Charles P. Hanfman, for respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: These cases were assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing on respondent's motion for partial summary judgment. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth herein below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: These consolidated cases are before the Court on respondent's motion for partial summary judgment. The cases came on for hearing at the Motions Session on September 1, 1982, at *171 which time counsel for respondent appeared and presented oral argument in support of his motion. There was no appearance by or on behalf of petitioners. At the conclusion of the hearing the cases were taken under advisement. During the taxable years here involved -- 1968, 1969, and 1970 -- petitioners were husband and wife, and filed a joint return for each of the years. They have apparently since been divorced. In a separate statutory notice of deficiency mailed to each petitioner, respondent determined identical deficiencies and additions to tax for fraud under section 6653(b), [1] for years and in amounts as follows: Addition to tax
Year
Deficiency
sec. 6653(b)
1968
$17,329.57
$8,664.79
1969
27,784.23
14,611.72
1970
4,922.83
2,461.42
Petitioners are the same persons who were defendants in the criminal case of United States of America v. Billy Hull and Gloria Jean Hull, Docket No. CR-1-75-8 in the United States District Court for the Eastern District of Tennessee. Respondent in the present case is a party in privity with *172 the United States of America, the prosecuting party in the aforementioned criminal case in which petitioners were the defendants. The indictment in the criminal case charged in separate counts for 1968 and 1969 that petitioner Billy Hull, aided and abetted by petitioner Gloria Hull, then his wife, did willfully and knowingly attempt to evade and defeat a large part of the income taxes due and owing by him and his wife to the United States by filing and causing to be filed false and fraudulent joint tax returns in violation of section 7201 and section 2 of Title 18 of the United States Code. Each of the petitioners entered pleas of guilty to each of the charges set forth against them in the indictment and each was convicted of the offense charged against them on each count. On June 17, 1975, the District Court entered a judgment pursuant to the conviction. Respondent's motion seeks a summary adjudication that petitioners are collaterally estopped from denying that they are liable for the addition to tax under section 6653(b) for 1968 and 1969. Summary judgment is appropriate where there is no genuine issue as to any material fact and where the movant is entitled to prevail *173 as a matter of law. In paragraph 5(d) of the petition in each case, the following allegation appears: That such respect to any penalty to be imposed pursuant to I.R.C. section 6653(b), petitioner entered a plea of guilty to a violation of the criminal sections of I.R.C. on advice of counsel. Said advice was based upon petitioner's occupation as a nightclub operator and owner. As a result of reliance on advice of counsel, petitioner is not liable for the 50% addition to tax as asserted due to fraud. In his answer to the petition in each case, respondent admitted that the petitioner had entered a guilty plea; denied for lack of information sufficient to form a belief as to their truth the remaining allegations of the first and second sentences; and denied the remaining allegations. Thus, there is a genuine issue here, but it is not believed that it is an issue of material fact. The issue thus posed is one of law, whether the entry of a plea of guilty on advice of counsel suffices to avoid the estoppel that this Court held in Arctic Ice Cream Co. v. Commissioner,43 T.C. 68, 74-76 (1964), follows from a conviction on such a plea. First *174 of all, it is to be observed that probably most pleas, whether guilty or not guilty, entered by defendants in criminal cases are entered upon advice of counsel. But, more importantly, even where such pleas are entered for tactical reasons, and not because of an actual admission of guilt, the estoppel effect of such pleas is not negated. Stone v. Commissioner,56 T.C. 213, 221-223 (1971). It is also to be observed that petitioner Gloria Hull was convicted on her pleas of guilty to charges of aiding and abetting her husband in filing or causing to be filed false and fraudulent joint income tax returns for each of the years 1968 and 1969, in violation of section 7201 and 18 U.S.C. sec. 2. Section 2 of Title 18 provides that "Whoever commits an offense against the United States or aids, [or] abets [in] * * * its commission, is punishable as a principal." A person who aids or abets in the commission of a crime is responsible for committing the crime as though that person actually committed it. Nye & Nissen v. United States,336 U.S. 613 (1949). Two essential elements of the crime of aiding and abetting in the commission of *175 a crime are that the party charged must share in criminal intent of the party who actually commits the crime, and the party charged must affirmatively act to aid in the commission of the crime. Nye & Nissen v. United States,supra;United States v. Eddy,597 F.2d 430 (5th Cir. 1979); Snyder v. United States,448 F.2d 716 (8th Cir. 1971). By pleading guilty to the crime of aiding her husband in filing false and fraudulent income tax returns, Gloria Hull has thus pleaded guilty to the two essential elements of the crime, i.e., she affirmatively and willfully participated in the acts of filing false and fraudulent income tax returns. She is therefore estopped to deny that part of the underpayment of tax on the joint returns for 1968 and 1969 is due to fraud on her part. In light of the foregoing, respondent's motion for partial summary judgment should be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩